UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

CASE #: 07 CV 10611 (JSR)

EXP GROUP, LLC, INTERNATIONAL
FROZEN FOODS INC., INTERNATIONAL
TRAD AND MARKETING, INC.,
                              Plaintiffs,

                - against -                              **NOTICE OF MOTION**

MEGA TROPICAL PRODUCE INC.,
WASHINGTON NUNEZ a/k/a
WASHINGTON ANTONIAS, L.T.J.
IMPORTS INC., LORAINE RIVERA,
MIGUEL ARIAS, JK INTERNATIONAL
OF NY INC., a/k/a JK INTERNATIONAL
INC. a/k/a JK INTERNATIONAL, d/b/a
NUMERO UNO TROPICALES INC.,
and MARCELLO ALIO,
                              Defendants.
------------------------------------------------------x

S I R S:

        Upon the annexed Certification in lieu of Affidavit of Lee Pakulsky, dated February 25, 2007, with

exhibits annexed thereto, and upon the copy of the Complaint with proof of service annexed hereto, and a

Clerk's Certificate of Default, plaintiffs, EXP Group, LLC ("EXP"), International Frozen Foods, Inc.

("IFF") and International Trade and Marketing Inc. ("ITM"), shall make an application before the Hon. Jed

S. Rayloff, U.S.D.J., presiding at the United States Courthouse, 500 Pearl Street, Room 14B, New York, NY,

on March 10, 2008, at 3:30 o'clock in the afternoon of that day, for an order granting plaintiffs EXP Group,

LLC, "(EXP") and International Frozen Foods Inc., ("IFF") judgment on default against defendants, jointly

and severally, in the principal sum of $31,534.75, plus prejudgment interest from July 17, 2006, together

with costs and disbursements of this action, and, for an Order granting plaintiff International Trade and

Marketing, Inc., ("ITM") judgment on default against defendants jointly and severally in the principal sum

$2,920.00 plus prejudgment interest from July 17, 2006, together with costs and disbursements of this

action.

DATED:          February 25, 2008
                Brooklyn, NY

                                        Yours,

                                        Andrew Squire
                                        Attorney for Plaintiffs
                                        379 Decatur Street
                                        Brooklyn NY 11233
                                        718.771.2221

TO:    Mega Tropical Produce Inc.
       Washington Nunez a/k/a Washington Antonias
       L.T.J. Imports Inc.
       Loraine Rivera
       Miguel Arias
       1313 Viele Avenue
       Bronx, NY 10474

       JK International of NY Inc.
       a/k/a JK International Inc.
       a/k/a JK International
       d/b/a Numero Uno Tropicales Inc.
       Marcello Alio
       12 Broadview Terrance
       Norwalk, CT 06851
       and
       1313 Viele Avenue
       Bronx, NY 10474

*74-exp.v.mega!!wpd*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

CASE #: 07 CV 10611 (JSR)

EXP GROUP, LLC, INTERNATIONAL
FROZEN FOODS INC., INTERNATIONAL
TRAD AND MARKETING, INC.,

                              Plaintiffs.

- against -

MEGA TROPICAL PRODUCE INC.,
WASHINGTON NUNEZ a/k/a
WASHINGTON ANTONIAS, L.T.J.
IMPORTS INC., LORAINE RIVERA,
MIGUEL ARIAS, JK INTERNATIONAL
OF NY INC., a/k/a JK INTERNATIONAL
INC. a/k/a JK INTERNATIONAL, d/b/a
NUMERO UNO TROPICALES INC.,
and MARCELLO ALIO,

                          Defendants.

Assigned to:
District Judge Jed S. Raykoff

-----------------------------------------------------------x

## CERTIFICATION IN LIEU OF AFFIDAVIT

STATE OF NEW YORK      }
                        }ss.:
COUNTY OF NEW YORK   }

1.     Lee Pakulsky, having a business address at 475 Main Street, Framingdale, NY, 11735, does hereby certify:

2.     I am an individual who is employed as collection agent by the plaintiffs, EXP Group, LLC ("EXP", International Frozen Foods, Inc. ("IFF") and International Trade and Marketing Inc. ("TTM").

3.     I declare under penalty of perjury that I am familiar with all of the facts and circumstances in this action and that the following statements are true and correct.

4.     I understand that a false statement in this certification will subject me to penalties of perjury.

5.    I make this certification in lieu of affidavit in support of the entry of a judgment after default in favor of plaintiffs, due to non-appearance of defendants Mega Tropical Produce Inc., Washington Nunez a/k/a Washington Antonias, L.T.J. Imports Inc., Loraine Rivera, Miguel Arias, JK International of NY Inc., a/k/a JK International Inc., a/k/a JK International, d/b/a Numero Uno Tropicales Inc.,and Marcello Alio.

6.    This is an action brought by plaintiffs to recover monies due and owing by defendants pursuant to the Perishable Agricultural Commodities Act of 1930, as amended ("PACA"), and pursuant to agreements for the sale by plaintiffs to furnish defendants with wholesale quantities of perishable agricultural commodities, including but not limited to produce, fruit and vegetables ("Produce"), pursuant to plaintiffs' Standard Sales Terms set forth on the face of each invoice. Defendants have failed and refused to remit to plaintiffs, despite numerous oral and written demand by plaintiffs for payment, the unpaid balance in the principal sum of $31,534.75 due and owing by defendants jointly and severally, to plaintiffs EXP and IFF and the unpaid principal sum $2,920.00 due and owing by defendants, jointly and severally, to plaintiff ITM.

7.    Plaintiffs are engaged in the business of selling Produce in interstate commence and are licensed dealers under PACA.

8.    Defendants' business entities and their officers are and were at all times pertinent herein dealers and/or commission merchants and subject to and licensed under the trust provisions of the PACA as dealers and commission merchants.

9.    This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

10.    Between on or about June 1, 2006, and on or about July 17, 2006, at defendants' special instance and request, plaintiffs periodically sold and delivered Produce to defendants in interstate commerce, for the sum total sold by EXP and IFF to defendants in the sum total of $31,534.75 and sold by ITM to defendants in the sum total of $2,920.00 (jointly "debt") which, to date, remains unpaid.

11.    Defendants received and accepted the said Produce from plaintiffs without objection and resold the said Produce at retail prices in defendants' ordinary course of business.

12.     Thereafter, between in or about August, 2006, and in or about February, 2008, despite numerous demands for payment, defendants failed and/or refused to pay any part of the said respective debts to plaintiffs.

13.     To date, defendants failed and/or refused to make any payments to plaintiffs on account of their respective debts in the now current sum  $31,534.75 due and owing to EXP and IFF and $3,920.00 due and owing ITM.

## Relevant Procedure

14.     On November 29, 2007, true copies of the Summons and Complaint were personally delivered to and accepted by Washington Nunez a/k/a Washington Antonias, both in his individual capacity and as an officer and director of Mega Tropical Produce Inc., and, Loraine Rivera, both in her individual capacity and as an officer and director of L. T. J. Imports Inc. ,and, Miguel Arias, in his individual capacity, and, Marcello Alio, both in his individual capacity and as an officer and director of JK International of NY Inc. a/k/a JK International Inc. a/k/a JK International a/k/a Numero Uno Tropicales Inc., all in accordance with New York State Law.

15.     To date none of the defendants appeared in this action nor paid any of the unpaid debt in the sum of $31,534.75 due and owing EXP and IFF and $2,920.00 due and owing ITM.

16.     True copies of the following documents are annexed hereto and fully incorporated by reference as if fully set forth herein:

   a.     Summons
   b.     Complaint
   c.     Return of Service
   d.     Proof of Service
   e.     Clerk's Certificate of Default
   f.     Proposed Judgment

## Non-Military Service

17.     Based upon my knowledge and having had a business relationship with the individual defendants, I certify that none of the individual defendants of record is an infant or incompetent nor is in active military service nor is any dependent or any family member of any individual defendant of record in active military service.

18.    My faxed and/or photocopied signature set forth herein shall be deemed my "original" signature for all purposes.

WHEREFORE, based upon the foregoing, plaintiffs requests that the court enter judgment in favor of plaintiffs EXP and IFF against defendants jointly and severally in the sum of $31,534.75, . together with costs and disbursements and prejudgment interest from July 17, 2008 through the date of collection of said Judgment, and, in favor of plaintiff ITM in the sum $2,920.00, together with costs and disbursements and prejudgment interest from July 17, 2008 through the date of collection of said Judgment.

DATED:       February **25**, 2008
             New York NY

_____
Lee Pakulsky

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EXP GROUP, LLC, INTERNATIONAL
FROZEN FOODS INC., INTERNATIONAL
TRADE AND MARKETING INC.,

                                        Plaintiffs,

                  - against -

MEGA TROPICAL PRODUCE INC.,
WASHINGTON NUNEZ a/k/a
WASHINGTON ANTONIAS, L.T.J.
IMPORTS INC., LORAINE RIVERA,
MIGUEL ARIAS, JK INTERNATIONAL
OF NY INC., a/k/a JK INTERNATIONAL
INC., a/k/a JK INTERNATIONAL, d/b/a
NUMERO UNO TROPICALES INC.,
and MARCELLO ALIO,

                                        Defendants.

------------------------------------------------------------x

JUDGE RAK~~

07 CV 10611

SUMMONS IN A CIVIL CASE

        TO:    MEGA TROPICAL PRODUCE INC.
               WASHINGTON NUNEZ a/k/a WASHINGTON ANTONIAS
               L.T.J. IMPORTS INC.
               LORAINE RIVERA
               MIGUEL ARIAS
               1313 VIELE AVENUE
               BRONX, NY 10474

               JK INTERNATIONAL OF NY INC.
               a/k/a JK INTERNATIONAL INC.
               a/k/a JK INTERNATIONAL
               d/b/a NUMERO UNO TROPICALES INC.
               MARACELLO ALIO
               12 BROADVIEW TERRACE
               NORWALK, CT 06851
               and
               1313 VIELE AVENUE
               BRONX, NY 10474

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' Attorney, Andrew Squire, Esq., 379 Decatur Street, Brooklyn, NY, 11233 an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

Complaint. You must also file your Answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHELL McMAHON

Clerk

_____

Date NOV 2 7 2007

_Marcos Quintero_

(by) Deputy Clerk

_74\summons.multiple\msw_

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

# 07 CV 10611

CASE #: 07 CV

EXP GROUP, LLC, INTERNATIONAL
FROZEN FOODS INC., INTERNATIONAL
TRADE AND MARKETING INC.,

                               Plaintiffs,

           - against -

MEGA TROPICAL PRODUCE INC.,
WASHINGTON NUNEZ a/k/a
WASHINGTON ANTONIAS, L.T.J.
IMPORTS INC., LORAINE RIVERA,
MIGUEL ARIAS, JK INTERNATIONAL
OF NY INC., a/k/a JK INTERNATIONAL
INC., a/k/a JK INTERNATIONAL, d/b/a
NUMERO UNO TROPICALES INC.,
and MARCELLO ALIO,

                     Defendants.

------------------------------------------------------x

**COMPLAINT**

RECEIVE

NOV 2 7 2007

U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiffs, EXP Group LLC ("EXP"), International Frozen Foods Inc. ("IFF") and International Trade and Marketing Inc. ("ITM") by their attorney Andrew Squire, Esq., as and for their complaint against defendants, Mega Tropical Produce Inc. ("Mega"), Washington Nunez a/k/a Washington Antonias ("Nunez"), L.T.J. Imports Inc. ("LTJ"), Loraine Rivera ("Rivera"), Miguel Arias ("Arias"), JK International of NY Inc. a/k/a JK International Inc., a/k/a JK International ("JK"), d/b/a Numero Uno Tropicales Inc. ("Uno"), Marcello Alio ("Alio"), and Carlos Arias ("Carlos"), pursuant to FRCP Rule 15(a), alleges as follows:

### Jurisdiction and Venue

1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), 28 U.S.C. § 1331 and 28 U.S.C. §1332.

2.    Venue is this District based on 28 U.S.C. § 1391 in the (a) plaintiffs' claims arose in this District and (b) defendants transact and conduct business is in this District.

## Nature of Action

3.    This is an action brought by plaintiffs to recover monies due and owing by defendants pursuant to the Perishable Agricultural Commodities Act of 1930, as amended ("PACA"), and pursuant to an agreements for the sale by and between plaintiffs to defendants of wholesale quantities of perishable agricultural commodities, including but not limited to produce, fruit and vegetables ("Produce"), pursuant to each of plaintiffs' Standard Sales Terms set forth on the face of each invoice/delivery ticket, true copies of which had been hand delivered to one or more of the named defendants simultaneously with each and every delivery of Produce by one of the named plaintiffs to one or more of the named defendants.

## The Parties

4.    Plaintiff EXP, a corporation, duly organized and existing under the laws of the State of New Jersey, which maintains its principal place of business at 151 West Passaic Street, Suite 5, Rochelle Park, New Jersey, 07662, is engaged in the business of selling Produce in interstate commence and is a licensed dealer under PACA.

5.    Plaintiff IFF, a corporation, duly organized and existing under the laws of the State of New York, which maintains its principal place of business at PO Box 2914, East Setauket, New York, 11733 and 215 Hallock Road, Suite 4, Stonybrook, New York, 11790, is engaged in the business of selling Produce in interstate commence and is a licensed dealer under PACA.

6.    Plaintiff ITM, a corporation, duly organized and existing under the laws of the State of New York, which maintains its principal place of business at 475 Main Street, Suite 1F, Farmingdale, New York, 11735, is engaged in the business of selling Produce in interstate commence and is a licensed dealer under PACA

7.    Defendant Mega, a corporation, duly organized and existing under the laws of the State of New York, which maintains its principal place of business at 308 Faile Street, Bronx, New York, 10474 and 1313 Viele Avenue, Bronx, New York, 10474, is engaged in the business of selling Produce in interstate commence and is a licensed dealer under PACA.

8.    Defendant LTJ, a corporation, duly organized and existing under the laws of the State of New York, which maintains its principal place of business at1313 Viele Avenue, Bronx, New York,

10474 and 308 Faile Street, Bronx, New York, 10474, is engaged in the business of selling Produce in interstate commence and is a licensed dealer under PACA.

9.    Defendant JK which is a corporation organized under the Laws of the State of Connecticut having a addresses for the conduct and transaction of business at 12 Broadview Terrace, Norwalk, Connecticut, 06851 and 1313 Viele Avenue, Bronx, New York, 10474, is and was at all times pertinent herein a dealer and commission merchant and subject to and licensed under the trust provisions of the PACA as a dealer and commission merchant.

10.    Defendant Nunez, an individual having an address for the conduct and transaction of business at 308 Faile Street, Bronx, New York, 10474 and 1313 Viele Avenue, Bronx, New York, 10474, upon information and belief, is and was at all times pertinent herein, a dealer and commission merchant and subject to the PACA. Defendant Nunez is and was at all times pertinent herein, also the officer and director of Mega, to wit; its president and who is in charge of the day-to-day business operation of Mega and who is in charge of Mega's finances, including but not limited to the PACA trust funds.

11.    Defendant Rivera, an individual having an address for the conduct and transaction of business at 1313 Viele Avenue, Bronx, New York, 10474 and 308 Faile Street, Bronx, New York, 10474, upon information and belief, is and was at all times pertinent herein, a dealer and commission merchant and subject to the PACA. Defendant Rivera is and was at all times pertinent herein, also the officer and director for LTJ, to wit; its president and who is in charge of the day-to-day business operation of LTJ and who is in charge of LTJ's finances, including but not limited to the PACA trust funds.

12.    Defendant Alio, an individual having a addresses for the conduct and transaction of business at 12 Broadview Terrace, Norwalk, CT, 06851 and 1313 Viele Avenue, Bronx, New York, 10474, upon information and belief, is and was at all times pertinent herein, a dealer and commission merchant and subject to the PACA. Defendant Alio is and was at all times pertinent herein, also the officer and director for JK, to wit; its president and who is in charge of the day-to-day business operation of JK and who is in charge of JK's finances, including but not limited to the PACA trust funds.

13.    Defendant Arias, an individual having a addresses for the conduct and transaction of business at 12 Broadview Terrace, Norwalk, CT, 06851 and 1313 Viele Avenue, Bronx, New York, 10474, upon information and belief, is and was at all times pertinent herein, a dealer and commission merchant and subject to the PACA. Defendant Arias is and was at all times pertinent herein, also the officer and director for LTJ, to wit; its president and who is in charge of the day-to-day business operation of LTJ and who is in charge of LTJ's finances, including but not limited to the PACA trust funds.

14.    Upon information and belief, defendants Mega, LT and JK and (jointly hereinafter known as "Affiliated Defendants"), are affiliated, merged, and share all income and expenses related to the business operations of each of the individual defendants.

15.    This action is brought to enforce the trust provisions of P.L.98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

16.    Between in or about June, 2006, and in or about July 17, 2006, at Affiliated Defendants' special instance and request, EXP and FFI each periodically sold and delivered Produce to Affiliated Defendants, in interstate commerce, for the sum total of $31,534.75 in accordance with Standard Sales Terms set forth on the face of each invoice/delivery which, to date, remains unpaid and at Affiliated Defendants' special instance and request, ITM periodically sold and delivered Produce to Affiliated Defendants, in interstate commerce, for the sum total of $2,920.00 in accordance with Standard Sales Terms set forth on the face of each invoice/delivery which, to date, remains unpaid for a principal sum total $34,454.74 ("principal sum").

17.    Affiliated Defendants received and accepted the said Produce from plaintiffs without objection and resold the said Produce in defendants' ordinary course of business.

18.    At the time of receipt and acceptance of said the Produce, plaintiffs became beneficiaries in a statutory trust designated to assure payment to Produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds co-mingled with funds from other sources and all assets procured by such funds, in the possession or control of Affiliated Defendants since the creation of the trust.

19.   Plaintiffs preserved their interest in the PACA trust for the above-stated principal sum and remain a beneficiary until full payment of the principal sum is made for the said Produce.

20.   Affiliated Defendants have not disputed the principal sum in any way and have repeatedly promised to pay the Debts to plaintiffs but, to date, have not done so.

### Count 1
### (Failure by Mega to Pay EXP From PACA Trust Funds)

21.   Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22.   The failure of Affiliated Defendant to make payment of the principal sum to plaintiffs from the statutory trust is a violation of the PACA trust and PACA regulations, and is unlawful.

WHEREFORE, plaintiffs request an order enforcing payment from the trust by requiring immediate payment in the principal sum by the Affiliated Defendants, jointly and severally.

### Count 2
### (Failure by Affiliated Defendants to Pay for Goods Sold and Delivered)

23.   Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24.   Affiliated Defendants failed and refused to pay plaintiffs the principal sum due and owing for Produce sold and delivered.

WHEREFORE, plaintiffs request judgment in the principal sum, jointly and severally, against Affiliated Defendants.

### Count 3
### (Unlawful Dissipation of PACA Trust Assets
### by a Corporate Officials – Nunez, Loraine, Arias and Alio ["Affiliated Corporate Officials"])

25.   Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 24 above as if fully set forth herein.

26.   Affiliated Corporate Officials were and are officers, directors and principals in charge of the day-

to-day operations of Affiliated Defendants and, in such capacity, were and are in a position of control over the PACA trust assets of Affiliated Defendants during the period of time in question.

27.    Affiliated Corporate Officials failed to direct Affiliated Defendants to fulfill their statutory duties to preserve PACA trust assets and pay any of the plaintiffs for the Produce they supplied.

28.    Affiliated Corporate Officials' failure to direct Affiliated Defendants to maintain PACA trust assets and pay plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets, jointly and severally, by Affiliated Corporate Officials.

29.    As a result of said unlawful dissipation of trust assets, plaintiffs have been deprived of its rights as a beneficiary in the Produce trust and has been denied payment for the product they supplied.

WHEREFORE, plaintiffs request judgment against Affiliated Corporate Officials, in the amounts sought heretofore herein.

### Count 4
### (Account Stated)

30.    Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31.    Between in or about June, 2007, and in or about August, 2007, plaintiffs each sent periodic statements to Affiliated Defendants.

32.    In or about August, 2007, plaintiffs each furnished Affiliated Defendants with statements of account in the sum total of $34,454.74 which had been received and accepted by Affiliated Defendants without protest or objection.

33.    By reason of the foregoing an account was stated between the parties for the principal sum of $34,454.74 which sum Affiliated Defendants failed and refused to pay despite repeated demands for payment.

WHEREFORE, plaintiffs request judgment in principal sum $34,454.74 against Affiliated Defendants and Affiliated Corporate Officials jointly and severally.

**Count 4**
**(Breach of Contract)**

34.    Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 33 above as if fully set forth herein.

35.    By reason of Affiliated Defendants' breach of contract and/or contracts heretofore made by and between plaintiffs and Affiliated Defendants, plaintiffs have been damaged in the principal sum of $34,545.74.

WHEREFORE, plaintiffs request judgment in the amount of $34,545.74 against Affiliated Defendants and Affiliated Corporate Officials jointly and severally, together with pre-judgment interest, costs and disbursements of this action.

DATED:    New York, NY
          November ⊇⊇ , 2007

                                                 by: _____
                                                     Andrew Squire, Esq. (AS6696)
                                                     Attorney for Plaintiff
                                                     379 Decatur Street
                                                     Brooklyn NY 11233
                                                     718 771 2221

*53\katzman.v.true\wpd*

CASE #: 07 CV

UNITED STATES DISTRICT COURT : SOUTHERN DISTRICT OF NEW YORK

EXP GROUP, LLC, INTERNATIONAL FROZEN FOODS INC., INTERNATIONAL
TRADE AND MARKETING INC.,

Plaintiff,

- against -

MEGA TROPICAL PRODUCE INC., WASHINGTON NUNEZ a/k/a WASHINGTON
ANTONIAS, L.T.J. IMPORTS INC., LORAINE RIVERA, MIGUEL ARIAS, JK
INTERNATIONAL OF NY INC., a/k/a JK INTERNATIONAL INC., a/k/a JK
INTERNATIONAL, d/b/a NUMERO UNO TROPICALES INC., and MARCELLO ALIO,

Defendants.

# COMPLAINT

Andrew Squire, Esq.
379 Decatur Street
Brooklyn NY 11233
(718) 771 2221

FROM : ANDREW_SQUIRE

FAX NO. :718 771 2243    Mar. 22 2008

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE 11-28-07 |
|---|---|
| Service of the Summons and Complaint was made by me¹ | |
| NAME OF SERVER *(PRINT)* Gene Lombardo | TITLE Agent |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: _____ Produce _____  AKA Washington Antonias

☐ AND TO HIS INDIVIDUAL CAPACITY
Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL 00.00 | SERVICES 10.00 | TOTAL 10.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  November 29, 2007     _____
              Date                  Signature of Server

                                    Gene Lombardo

Eng Group, LLC en al. plaintiffs
against
Maya Tropical Produce, Inc, et al. Defendants

USDC, SDNY
07 CV 10611

FROM : ANDREW_SQUIRE          FAX NO. :718 771 2243          Mar. 22 2008 07:15AM P12

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me¹ | 11-29-07 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Gene Lombardo | Agent |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: _____
_____
AND OTHER INDIVIDUAL CAPACITY

☐ Left copies thereof at the defendant's dwelling house of usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 15.00 | 10.00 | 25.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___November 29 2007___
                    Date

_____
Signature of Server

Gene Lombardo

LLC
exp Group et al, plaintiffs
against
mega Tropical Produce Inc et al, defendants

USDC/SDNY
07 CV 10611

FROM : ANDREW_SQUIRE                FAX NO. :718 771 2243        Mar. 22 2008 09:15AM P2

AO 440 (Rev. 10/93)  Summons in a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

|  | DATE |
| --- | --- |
| Service of the Summons and Complaint was made by me[1] | 11-... |
| NAME OF SERVER (PRINT)  Gene. Lombardo | TITLE  Agent |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES  10.00 | TOTAL  10.00 |
| --- | --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on  November 29, 2007     _____
            Date                    Signature of Server

                        Gene Lombardo

Exp Group LLC et al. plaintiffs

against

Magra Tropical Produce Inc ET.AL. defendants

USDC/SDNY

07CV 10611

3

ΡΟΟ3/004                    (FAX)                    01:01 2002/67/10

FROM : ANDREW_SQUIRE          FAX NO. :718 771 2243          Mar. 22 2006 07:15AM P2

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me¹ | 1- |
| NAME OF SERVER (PRINT)   Gene Lombardo | TITLE   Agent |

Check one box below to indicate appropriate method of service

☒  Served personally upon the defendant.  Place where served: _____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐  Returned unexecuted: _____
_____
_____

☐  Other (specify): _____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES   10.00 | TOTAL   10.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on  November 29 2007     _____
    Date                                         Signature of Server

                                   Gene Lombardo

Exp Group LLC et al. plaintiffs
against
Mega Tropical Produce Inc et al. Defendants
USDC / SDNY
07 CV 10611

P.003/004          (FAX)          01/27/2007 13:18

Service of Process:

1:07-cv-10611-JSR EXP Group, LLC et al v. Mega Tropical Produce Inc. et al
ECF

U.S. District Court

United States District Court for the Southern District of New York

**Notice of Electronic Filing**

The following transaction was entered by Squire, Andrew on 2/24/2008 at 11:26 PM EST and filed on 2/24/2008

| | |
|---|---|
| Case Name: | EXP Group, LLC et al v. Mega Tropical Produce Inc. et al |
| Case Number: | 1:07-cv-10611 |
| Filer: | EXP Group, LLC |
| | International Frozen Foods Inc. |
| | International Trade and Marketing Inc. |

Document Number: 4

Docket Text:
CERTIFICATE OF SERVICE of Summons and Complaint,. Marcello Alio served on 11/29/2007, answer due 12/19/2007; Mega Tropical Produce Inc. served on 11/29/2007, answer due 12/19/2007; Washington Nunez served on 11/29/2007, answer due 12/19/2007; Loraine Rivera served on 11/29/2007, answer due 12/19/2007; Miguel Arias served on 11/29/2007, answer due 12/19/2007; JK International of NY Inc. served on 11/29/2007, answer due 12/19/2007. Service was accepted by Washington Nunez a/k/a Washington Antonias both in his individual capacity and as vice president of Mega Tropical Produce Inc., and, Loraine Rivera, both in her individual capacity and as president of L. T. J. Imports Inc.,and,Miguel Arias, in his individual capacity, and, Marcello Alio,both in his individual capacity and as vice president of JK International of NY Inc. a/k/a JK International Inc. a/k/a JK International d/b/a Numero Uno Tropicales Inc.. Document filed by EXP Group, LLC; International Frozen Foods Inc.; International Trade and Marketing Inc.. (Squire, Andrew)

**1:07-cv-10611 Notice has been electronically mailed to:**

Andrew N. Squire   squire782@aol.com

**1:07-cv-10611 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1008691343 [Date=2/24/2008] [FileNumber=4298950-0
] [412d1586ffe4177699e14a5e11cd300ce214e55da7938ace5322f4540ff4472061b
66f2876dc572f68bbf66ddb5d6fdd1232dae6fd37fe720a6e27ca1c771246]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

CASE #: 07 CV 10611 (JSR)

EXP GROUP, LLC, INTERNATIONAL
FROZEN FOODS INC., INTERNATIONAL
TRAD AND MARKETING, INC.,

                    Plaintiffs,

        - against -

                                                        CLERK'S CERTIFICATE
                                                        OF DEFAULT

MEGA TROPICAL PRODUCE INC.,
WASHINGTON NUNEZ a/k/a
WASHINGTON ANTONIAS, L.T.J.
IMPORTS INC., LORAINE RIVERA,
MIGUEL ARIAS, JK INTERNATIONAL
OF NY INC., a/k/a JK INTERNATIONAL
INC. a/k/a JK INTERNATIONAL, d/b/a
NUMERO UNO TROPICALES INC.,
and MARCELLO ALIO,

                    Defendants.
--------------------------------------------------------x

        I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on November 27, 2007, with the filing of a Summons and Complaint, a copies of the Summons and Complaint were served upon all named defendants in this action by hand delivery of said true copies thereof to and accepted by Washington Nunez a/k/a Washington Antonias, both in his individual capacity and as an officer and director of Mega Tropical Produce Inc., and, Loraine Rivera, both in her individual capacity and as an officer and director of L. T. J. Imports Inc. ,and, Miguel Arias, in his individual capacity, and, Marcello Alio, both in his individual capacity and as an officer and director of JK International of NY Inc. a/k/a JK International Inc. a/k/a JK International a/k/a Numero Uno Tropicales Inc., all in accordance with New York State Law, and proof of such service thereof was filed on February 24, 2008.

        I further certify that the docket entries indicate that none of the defendants filed an answer nor otherwise moved with respect to the Complaint herein. The default of the defendant is hereby noted.

DATED:        New York NY
              February 25, 2008

                                        _S, Michael McMahon_____
                                        J. Michael McMahon
                                        Clerk of the Court

                                        By: _____2_____
                                                Deputy Clerk

74 exp.v.mega.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

EXP GROUP, LLC, INTERNATIONAL
FROZEN FOODS INC., INTERNATIONAL
TRAD AND MARKETING, INC.,

                    Plaintiffs,

      - against -

MEGA TROPICAL PRODUCE INC.,
WASHINGTON NUNEZ a/k/a
WASHINGTON ANTONIAS, L.T.J.
IMPORTS INC., LORAINE RIVERA,
MIGUEL ARIAS, JK INTERNATIONAL
OF NY INC., a/k/a JK INTERNATIONAL
INC. a/k/a JK INTERNATIONAL, d/b/a
NUMERO UNO TROPICALES INC.,
and MARCELLO ALIO,

-----------------------------------------------------------X

CASE #: 07 CV 10611 (JSR)

**DEFAULT JUDGMENT**

       This action having been commenced on November 27, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendants by hand delivery to and acceptance by Washington Nunez a/k/a Washington Antonias, both in his individual capacity and as an officer and director of Mega Tropical Produce Inc., and, Loraine Rivera, both in her individual capacity and as an officer and director of L. T. J. Imports Inc. ,and, Miguel Arias, in his individual capacity, and, Marcello Alio, both in his individual capacity and as an officer and director of JK International of NY Inc. a/k/a JK International Inc. a/k/a JK International a/k/a Numero Uno Tropicales Inc.. all in accordance with New York State Law, and proof of service having been filed on February 24, 2008, and, none of the defendants having answered the Complaint, and the time for answering the Complaint having expired, and upon the reading and filing of plaintiff's motion for Judgment on Default based upon defendants' failure to appear, dated February 26, 2008, with a Certificate in Lieu of Affidavit of Lee Pakulsky dated February 26, 2006, with exhibits annexed thereto, in support of plaintiff's motion and there having been no opposition to plaintiff's Motion for Judgment on Default, it is

       ORDERED, ADJUDGED AND DECREED: That the plaintiffs EXP Group, LLC and International Frozen Foods, Inc., have judgment against all defendants jointly and severally in the liquidated amount of $ 31,534.75, plus costs in the sum $ 175.00 and disbursements in the sum $27.50 for a total $31,737.25, with pre-judgment interest of 9% fromJuly 17, 2006, through the date of payment in full with prejudgment

interest at the rate authorized by statute and that plaintiff International Trade and Marketing have judgment against all defendants, jointly and severally, in the liquidated amount $2,090.00 plus costs in the sum $ 175.00 and disbursements in the sum $27.50 for a total $2,292.50, with pre-judgment interest at the rate authorized by statute until the date of payment in full.

DATED:        New York, NY

_____, 2008



                                              _____
                                              U.S.D.J.


*74 exp.v.mega.wpd*

UNITED STATES DISTRICT COURT
~~COURT OF THE~~ ~~STATE OF NEW YORK~~
~~COUNTY OF~~ Southern District of New York

-------------------------------------------------------------x

Exp Group, LLC. et al

~~Petitioner(s)~~
Plaintiff(s),

- against -

Mega Tropical Produce Inc. Et al

~~Respondent(s)~~
Defendant(s).

-------------------------------------------------------------x

**AFFIRMATION OF
SERVICE BY MAIL**

ANDREW SQUIRE, an attorney, affirms under penalty of perjury:

1. I am not a party to the within action, I am over the age of 18 years and reside in the County, State and City of New York.

2. On the 25th day of February, 2008, I served the within Motion for Default Judgment and Exhibits on the attorney(s) and or parties listed below at the addresses designated by said attorney(s) and/or parties for the purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post-office official depository, under the exclusive care and custody of the United States Postal Services within New York State.

DATED    February 25, 2008
         New York, NY

TO:  See schedule
     Annexed Hereto

_____
Andrew Squire, Esq.

16\affirm.ss\wpw

TO: Mega Tropical Produce Inc.
   Washington Nunez a/k/a Washington Antonias
   L.T.J. Imports Inc.
   Loraine Rivera
   Miguel Arias
   1313 Viele Avenue
   Bronx, NY 10474

   JK International of NY Inc.
   a/k/a JK International Inc.
   a/k/a JK International
   d/b/a Numero Uno Tropicales Inc.
   Marcello Alio
   12 Broadview Terrance
   Norwalk, CT 06851
   and
   1313 Viele Avenue
   Bronx, NY 10474

*74\exp.v.mega\wpd*